**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TANYA JONES and DONNA JONES | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-2350 |
| | * | |
| INDYMAC BANK, *et al.*, | * | |
| | * | |
| Defendants. | * | |

*******************************************************************************

<u>**MEMORANDUM OPINION**</u>

Currently before the Court is a Motion to Dismiss (Paper No. 4) filed by Defendant Indymac Bank ("Indymac"), a Motion to Dismiss (Paper No. 15) filed by Defendant Bierman, Greesing & Ward, LLC ("Bierman"), and Plaintiffs' Motion to Stay State Foreclosure Action (Paper No. 24), Motion for Discovery (Paper No. 27), and Motion for Leave to File Amended Complaint Without Red-Lining (Paper No. 28).  The Court has reviewed the pleadings with respect to the instant motions.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated more fully below, the Court will grant both motions to dismiss, deny Plaintiffs' motion for discovery, Plaintiffs' motion to stay, and Plaintiffs' motion for leave to file an Amended Complaint without red lining.

Federal district courts are required to screen complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. §1915(e)(2)(B). The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) require only  a "short and plain" statement of the claim.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can

1

prove no set of facts in support of the claim which entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In evaluating this claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to Plaintiff.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)").  Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged."  *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

The present Complaint was filed by Plaintiffs when they were proceeding *pro se* in this case. Where the plaintiff is a *pro se* litigant, the Court will accord the Complaint construction,  holding it to less stringent standard than that drafted by an attorney. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services,* 901 F.2d 387, 390- 91 (4th Cir. 1990).

Plaintiffs' Complaint is completely devoid of any coherent allegations of fact and contains mere conclusory allegations of breach of contract, unjust enrichment and statutory violations. Particularly, the Complaint does not indicate to which defendant each allegation pertains. Similarly, Plaintiffs have failed to identify what contract, if any, forms the basis of their claims.  Because Plaintiffs' Complaint does not meet the pleading requirements of Rule 8,  the Court will dismiss the

Complaint without prejudice by separate Order.

In addition to dismissing Plaintiffs' Complaint, the Court will also deny Plaintiffs' Motion for Discovery and Motion to Stay the State Foreclosure Action.  The Court agrees with Defendants that the Motion for Discovery is a fishing expedition that will not be permitted by this Court.  There is no need to depart from the Local Rules regarding scheduling of discovery in this case  Further, the Motion to Stay invokes questions of comity and federalism.  This case does not present the Court with any reason to enjoin a state court from overseeing a mortgage foreclosure action–an action wholly within the province of the state court's jurisdiction.

The Court will also deny Plaintiffs' Motion for Leave to Amend Complaint without Red-Lining.  However, the Court will grant Plaintiffs leave to file an Amended Complaint in compliance with the rules.  A separate Order will follow.

   March 21, 2007                                     /s/
       Date                                 Alexander Williams, Jr.
                                       United States District Judge