**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TANYA JONES and DONNA JONES | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-2350 |
| | * | |
| INDYMAC BANK, *et al.*, | * | |
| | * | |
| Defendants. | * | |

*****************************************************************************

## <u>MEMORANDUM OPINION</u>

Plaintiffs Tanya Jones and Donna Jones filed this action on September 11, 2006 against Defendants Indymac Bank, Mortgage Electronic Registration System, Inc. ("MERS"), and Bierman, Geesing & Ward, LLC. On November 17, 2006, the same Plaintiffs filed an identical Complaint against Defendants EMC Mortgage Company, MERS, Rosenberg & Associates, LLC, and Greenpoint Mortgage Funding, Inc. (Civil Action No. DKC-06-3038). The latter case was before United States District Judge Deborah Chasanow of this Court. On February 5, 2007, Judge Chasanow dismissed Plaintiffs' claims with prejudice, finding that the Complaint "lack[ed] not only detail, but clarity, appear[ed] to rest on faulty premises, and rel[ied] on fanciful legal theories." Mem. Op. at 2 (DKC-06-3038; Docket No. 22).

On March 21, 2007, this Court dismissed Plaintiffs' Complaint, but because Plaintiffs had retained counsel by that time, the Court granted Plaintiffs leave to amend their Complaint. Plaintiffs filed an Amended Complaint on May 9, 2007, which added several Plaintiffs and several Defendants. On May 29, 2007, Defendant EMC Mortgage Company advised the Court of several related cases that had been and were currently before other judges of this Court (Docket No. 50).

As a result, Civil Action No. BEL-06-2272 and Civil Action No. RWT-06-2558 were consolidated with the instant case.

Currently before the Court are several Motions to Dismiss (Docket Nos. 44, 49, 51, 57, 60, 63, 64, 88, 89, 91, 93, and 99) filed by the various Defendants.  Also pending are a Motion for Sanctions (Docket No. 87) filed by Defendant Universal American Mortgage Company, a Motion to Dismiss the Motion for Sanctions (Docket No. 104) and a Motion to Withdraw as Attorney (Docket No. 103), both filed by Plaintiffs.  On July 25, 2007, one day after Judge Peter Messitte of this Court dismissed with prejudice a strikingly similar Complaint by Plaintiffs Aaron Kelly and Lita Kelly against Defendants Universal American Mortgage Company, U.S. Home Corporation, Countrywide Home Loans, Inc., and MERS, all Plaintiffs, except Tanya Jones and Donna Jones, filed a Stipulated Dismissal pursuant to Rule 41 (Docket No. 102).

Despite the decision of Tanya Jones and Donna Jones to continue their pursuit of the claims in this action against the advice of counsel, this Court must put this frivolous litigation to rest.  At the outset, the Court notes that the claims of Tanya and Donna Jones are barred by the doctrine of *res judicata* or claim preclusion.  The doctrine of *res judicata* operates to bar claims when: 1) the parties in the present litigation are the same parties in an earlier dispute; 2) the claim presented in the current action is identical to the one determined in the prior action; and 3) there was a final judgment on the merits.  *Colandrea v. Wilde Lake Community Ass'n, Inc.*, 761 A.2d 899, 910 (Md. 2000).  *Res judicata* not only bars claims decided in the previous suit, but it also precludes claims that could have been brought in the previous suit.  *Id.*

Tanya Jones and Donna Jones have previously brought similar claims against a subset of these Defendants before Judge Chasanow.  Judge Chasanow dismissed those claims with prejudice.

A dismissal with prejudice is a final judgment on the merits.  *Keith v. Aldridge*, 900 F.2d 736, 742 (4th Cir. 1990).  It appears from the Court's review of the instant Complaint that the present action arises out of the same actions or occurrences as did the claims raised in the case before Judge Chasanow.  Therefore, not only are Plaintiffs' claims against Defendants EMC Mortgage Company, MERS, Rosenberg & Associates, LLC, and Greenpoint Mortgage Funding, Inc. barred by *res judicata*, but so are Plaintiffs' claims against the remaining Defendants.  *See*, *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1038 (Md. 2005) ("Legal theories may not be divided and presented in piecemeal fashion in order to advance them in separate actions.").  As such, the Court will grant Defendants' Motions to Dismiss.[1]

The Court has scheduled a hearing on the Motion for Sanctions for August 10, 2007.  On July 25, 2007, counsel for Plaintiff filed the instant Motion to Withdraw as Attorney and Motion to Dismiss the Motion for Sanctions as moot.  If the parties wish to discuss these motions with the Court prior to the August 10, 2007 hearing date, the parties are directed to initiate a conference call with the Court.  A separate Order will follow.


July 26, 2007 _____                                          _____/s/_____
Date                                                                         Alexander Williams, Jr.
                                                                                  United States District Judge


_____

[1] The Court also agrees with all Defendants that the Amended Complaint falls far short of the pleading requirements of the Federal Rules of Civil Procedure.

3