**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

TANYA JONES, *et al.*,                              *
                                                   *
                        Plaintiffs,                *
                                                   *
            v.                                     *        Civil Action No. AW-06-2350
                                                   *
INDYMAC BANK, *et al.*,                            *
                                                   *
                        Defendants.                *
**************************************************************************

## MEMORANDUM OPINION

Currently before the Court are several matters: a Motion for Rule 11 Sanctions (Paper No. 87); a Motion to Withdraw as Attorney (Paper No. 103); a Motion to Dismiss the Motion for Sanctions as Moot (Paper No. 104); a Motion to Alter/Amend Judgment (Paper No. 108); a Motion for Default Judgment (Paper No. 109); and a Motion to Vacate (Paper No. 110). The Court held a hearing on the motions on August 10, 2007. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated on the record and more fully below, the Court will grant the motion for sanctions, grant-in-part the motion to alter/amend, and deny the remaining motions.

## ANALYSIS

On July 9, 2007, Defendants Lennar and Universal American Mortgage Company filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Paper No. 87). Defendants claim that Attorney Walter Blair ("Blair"), counsel for Plaintiffs, violated Rule 11 by signing and filing the Amended Complaint in this case, a Complaint which Blair should have known was frivolous. On July 26, 2007, the Court issued a Memorandum Opinion and Order dismissing

Plaintiffs' claims with prejudice.[1]  On August 9, 2007, Defendant CIT Group/Consumer Finance filed the instant Motion to Alter/Amend Judgment (Paper No. 108) and a Motion for Default Judgment (Paper No. 109).

<u>Motion for Sanctions</u>

Rule 11 of the Federal Rules of Civil Procedure is the basis for the Motion for Sanctions filed by Defendants Lennar and Universal American Mortgage Company.[2]  Rule 11 provides that:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> (1)     it is not being presented for any improper purpose . . .
> (2)     the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . . .

Fed. R. Civ. P. 11(b).  Under Rule 11(c)(3), "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."  Fed. R. Civ. P. 11(c)(3).

Plaintiffs Tanya Jones and Donna Jones filed this case on September 11, 2006, proceeding *pro se*.  In or about February, 2007, Plaintiff retained Blair as counsel, and Blair subsequently filed the Plaintiffs' Amended Complaint.  The Amended Complaint added several plaintiffs and several defendants.  On May 29, 2007, Defendant EMC Mortgage Company advised the Court of several

---

[1] On August 10, 2007, Plaintiff Tanya Jones filed a Motion to Vacate Dismissal (Paper No. 110), purportedly on behalf of all Plaintiffs.  For the reasons stated on the record at the August 10, 2007 Motions Hearing, the motion will be denied.

[2] At the August 10, 2007 Motions Hearing, Defendant EMC Mortgage raised 28 U.S.C. § 1927 as an alternate grounds for the imposition of sanctions.  Because the Court does not believe that Attorney Blair's conduct rose to the level of vexatiousness, the Court will not impose sanctions pursuant to 28 U.S.C. § 1927.

related cases that had been and were still pending before several judges of this Court (Paper No. 50). It appeared at that time that the only active cases in this myriad of law suits were the instant case (AW-06-2350), and Civil Action Nos. BEL-06-2272 and RWT-06-2558.  Consequently, this Court coordinated with the Chambers of Chief Judge Benson Legg and Judge Robert Titus to have the remaining cases consolidated with the instant case.

In reviewing the prior related cases, the Court learned that several judges of this Court had unanimously dismissed these claims brought by the several Plaintiffs.  In *Kelly v. Contrywide Home Loans*, Civil Action No. PJM-06-1973, Judge Peter J. Messitte dismissed with prejudice the claims brought by Aaron and Lita Kelly stating that "even accepting the vague set of facts provided in the Complaint, no cause of action can possibly be made out by the Complaint under any of the counts alleged by Plaintiffs."  (*Kelly*, Docket No. 9, at 2).  Judge Messitte went on to conclude that the "Complaint contains assertions which are utterly fanciful, without the slightest foundation in law." *Id.* at 2-3.  This Court previously dismissed the claims brought by Jean Kelly in *Kelly v. Novastar*, Civil Action No. AW-06-2616.  In that case, this Court held that "[n]owhere in the fragmented statements contained in the Complaint can the Court glean a cognizable legal theory." (*Novastar*, Docket No. 26, at 4).

Plaintiff Derrick Freeman brought identical claims in *Freeman v. HSBC Mortgage Serivces*, Civil Action No. AMD-06-2259.  In dismissing the action, Judge Andre M. Davis stated that "[t]he gravamen of the plaintiff's claims appear to be the alleged unenforceability of the mortgage note, but for reasons that defy comprehension." (*Freeman*, Docket No. 18, at 1).  In *Jones v. EMC Mortgage Co.*, Judge Deborah K. Chasanow dismissed with prejudice the claims brought by Plaintiffs Tanya Jones and Donna Jones stating that "the complaint itself . . . lack[s] not only detail,

but clarity, appear[s] to rest on faulty premises, and rely on fanciful legal theories." (*Jones*, Docket No. 22, at 1-2). Also, in dismissing the initial Complaint in the instant case, this Court stated that "Plaintiffs' Complaint is completely devoid of any coherent allegations of fact and contains mere conclusory allegations of breach of contract, unjust enrichment and statutory violations." *See* Mem. Op. at 2 (Docket No. 34, March 21, 2007).

Blair has violated Rule 11(b) by signing the Complaint in this case. Plaintiffs' Complaint was not well grounded in fact or law, and Blair should have known this given the decision of this Court and several other judges of this Court to dismiss the same claims by these Plaintiffs. Furthermore, Judges Chasanow and Messitte had dismissed the claims of some of the Plaintiffs with prejudice. As such, these claims were barred by the doctrine of *res judicata*. The doctrine of *res judicata* operates to bar claims when: 1) the parties in the present litigation are the same parties in an earlier dispute; 2) the claim presented in the current action is identical to the one determined in the prior action; and 3) there was a final judgment on the merits. *Colandrea v. Wilde Lake Community Ass'n, Inc.*, 761 A.2d 899, 910 (Md. 2000). *Res judicata* not only bars claims decided in the previous suit, but it also precludes claims that could have been brought in the previous suit. *Id.* A dismissal with prejudice is a final judgment on the merits. *Keith v. Aldridge*, 900 F.2d 736, 742 (4th Cir. 1990).

It is apparent to the Court that Blair failed to properly investigate his clients' claims before filing the Amended Complaint in this case. *See Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 987 (4th Cir. 1987) (holding that Rule 11 requires an attorney to conduct an investigation of the factual and legal basis for the claims before filing). The violation is aggravated by the fact that Blair simply re-alleged the same allegations from the initial *pro se* Complaint that

4

was previously dismissed by this Court. The only conclusion that can be drawn from this conduct is that the Amended Complaint was filed for an improper purpose, in violation of Rule 11. As such, the Court must grant Defendants' motion for sanctions.[3]

The Court must consider four factors when deciding to issue sanctions: 1) the reasonableness of the opposing party's attorney's fees; 2) the minimum to deter; 3) the ability to pay; and 4) factors related to the severity of the Rule 11 violation. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373-1374 (4th Cir. 1991). Blair's violation of Rule 11 in this case is particularly troublesome, given the fact that several judges of this Court had already ruled on the identical claims brought by the identical Plaintiffs against several of the identical Defendants. Rule 11 is intended to prevent litigation, such as the present case, from draining the judicial resources of the federal courts.

As noted on the record at the August 10, 2007 Motions Hearing, the Court understands Blair's plight as a small, private practitioner. The Court also understands that the problems associated with these several cases are not entirely attributable to Blair. Plaintiffs initially filed these several cases *pro se*. Blair entered the case late and assisted the Court with bringing the cases together and to a final resolution. The multiplicity of these cases seems to be more the result of Plaintiffs' persistence rather than Blair's own doing.[4] Blair's contribution to this problem centers around his failure to properly investigate his clients' claims before filing the Amended Complaint

---

[3] Having granted the Motion for Sanctions, the Court will deny the Motion to Dismiss the Motion for Sanctions as Moot (Paper No. 104) and deny-as-moot the Motion to Withdraw as Attorney (Paper No. 103).

[4] Even while represented by Blair, at least one set of Plaintiffs filed another *pro se* lawsuit premised on the identical claims. That case is now pending before Judge Chasanow of this Court. *See* Civil Action No. DKC-07-1479

and continuing with this litigation.  Had Blair conducted the appropriate pre-filing research, he would have uncovered not only the frivolity of his clients' claims, but also his clients' inability to continue the pursuit of those claims.

In their request for sanctions, Defendants Lennar and Universal American Mortgage moved the Court to award attorneys' fees to all Defendants.  In support of the motion, Defendants filed an affidavit noting attorneys' fees of $28,686.50.  At the August 10, 2007 hearing, the Court invited the other Defendants to submit affidavits regarding their attorneys' fees within a week.  Thereafter, several Defendants filed affidavits regarding attorneys' fee.  Having considered all of Defendants' submissions, the Court is not inclined to grant attorneys' fees to all Defendants.  Defendants Lennar and Universal American Mortgage filed the motion for sanctions after requesting that Blair withdraw the Amended Complaint.  Because no other Defendant pursued Rule 11 sanctions, the Court will limit its grant of sanctions to attorneys' fees for Defendants Lennar and Universal American Mortgage.  The Court does not question the reasonableness of the requested fees; however, the Court does not believe that all of the incurred attorneys' fees are directly attributable to Blair's violative conduct.  In keeping with the spirit of Rule 11, the Court will issue a sanction in this case that is reasonably calculated to deter Blair and others from similar conduct, but one that appropriately balances Defendants' expenses with the nature and extent of the violation.  As such, the Court will issue a $7,500 attorneys' fees sanction against Blair in favor of Defendants Lennar and Universal American Mortgage.

Motion to Alter/Amend Judgment

On August 9, 2007, Defendant CIT Group/Consumer Finance filed a Motion to Alter/Amend Judgment.  The motion asks the Court to clarify that the July 26, 2007 Memorandum Opinion and

Order of this Court dismissing all of Plaintiffs' claims in this consolidated action also extended to Plaintiff Sean Austin's claims against CIT Group filed in Civil Action No. AW-06-2272.  The motion also asks the Court to keep the case open until CIT Group's counterclaim against Austin is resolved.[5]  The Court will grant the motion insofar as it seeks clarification on the applicability of the Court's previous Order to the claims by Austin against CIT Group and Specialized Loan Servicing. Austin's claims against these Defendants are dismissed for the reasons stated in the Court's July 26, 2007 Memorandum Opinion.

However, the Court will deny the motion insofar as it requests that the instant case remain open pending the resolution of Defendants' counterclaim against Austin.  At the August 10, 2007 Motions Hearing, counsel for CIT Group represented to the Court that Defendants had initiated state foreclosure proceedings on the property that is the subject of the counterclaim.  Because this Court, like all federal courts, has an "unflagging obligation" to exercise its jurisdiction, abstention in favor of a parallel state court action should be the exception and not the rule.  *See Vulcan Chemical Technologies v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002).  Abstention "may be granted only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'"  *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28-29 (1983)).

Here, the parallel state court proceedings have progressed all the way to the state appellate courts, while Defendants' counterclaim in federal court has not even commenced discovery. Furthermore, it appears that state law will provide the rule of decision on Defendants' counterclaim.

---

[5] In an effort to resolve the outstanding counterclaim, CIT Group also filed the pending Motion for Default Judgment (Paper No. 109)

As a final matter, it appears to the Court that Defendants have an adequate vehicle for a complete remedy in the state courts.  Therefore, the Court will exercise its discretion and abstain from entertaining jurisdiction over Defendants' counterclaim.  As such, the Motion for Default Judgment will likewise be denied.

<u>Pre-filing Injunction</u>

Defendant EMC Mortgage has requested that the Court issue a pre-filing injunction preventing Plaintiffs from filing any future action against these Defendants without prior Court approval (Civil Action No. 06-2558, Paper No. 15).  The Court agrees with EMC Mortgage that the conduct of these Plaintiffs with respect to these cases warrant the issuance of a pre-filing injunction. Plaintiffs have created an entangled web of frivolous litigation, causing needless expense and unnecessary burden on Defendants and the Court.  Plaintiffs have also shown a willingness to disregard the rulings of this Court, as evidenced by the continuous filing of these cases in the face of dismissals with prejudice.  As such, the Court will permanently enjoin each of these Plaintiffs from filing other cases or documents that are reasonably related to the issues in this case without prior approval from this Court.

<b><u>CONCLUSION</u></b>

For the reasons stated above, the Court will grant the Motion for Sanctions, grant-in-part the Motion to Alter/Amend Judgment, and grant the request for a pre-filing injunction.  The remaining motions will be denied.  A separate Order consistent with this Memorandum Opinion will follow.


<u>August 29, 2007</u>                                          <u>            /s/            </u>
Date                                                                     Alexander Williams, Jr.
                                                                         United States District Judge